IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION


ROBERT LEE TAYLOR,                          :
                                            :
        Plaintiff,                          :
                                            :
VS.                                         :        CIVIL ACTION FILE NO.
                                            :        **7 : 08-CV-39 (HL)**
AL JONES, Medical Administrator,            :
                                            :
        Defendant.                          :

_____

**RECOMMENDATION**

Presently pending in this *pro se* prisoner § 1983 action is defendant's pre-answer motion to

dismiss the complaint (doc. 7) and plaintiff's motion for trial (doc. 9).   Plaintiff's motion is

more properly considered as a response to defendant's motion to dismiss, and will be considered

as such.

Plaintiff's Complaint alleges that he began having problems walking and standing while

incarcerated at Valdosta State Prison in 2007. (Complaint, Doc. 2, p. 3).  Defendant Al Jones is

the Health Services Administrator at Valdosta State Prison.  Plaintiff states that he wrote

complaints to various prison officials, including HSA Jones, regarding his condition and was

sent to Augusta State Medical Prison where his health condition was apparently diagnosed.

Subsequently, Plaintiff claims he was returned to Valdosta State Prison, but that since returning

to Valdosta State Prison, the medical staff has refused to provide him with treatment. (Id.)

Plaintiff alleges that his constitutional right to medical treatment has been violated and brings

this action pursuant to 42 U.S.C. §1983.

*1. Vicarious Liability/Failure to State a Claim*

Defendant Jones states that plaintiff's allegations against him amount to nothing more than claims of vicarious liability.

A supervisory official is not liable under § 1983 solely on the basis of respondeat superior or vicarious liability. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Instead, the plaintiff must allege that the named defendant actually participated in the alleged constitutional violation, or exercised control or direction over the alleged violation. Gilmere v. City of Atlanta, 774 F.2d 1495, 1504 (11th Cir. 1985). There must be an affirmative link between the defendant's action and the alleged deprivation of a constitutional right. Brown v. Smith, 813 F.2d 1187 (11th Cir. 1987)(concluding that a 42 U.S.C. §1983 claim cannot be based upon vicarious liability).


Plaintiff asserts that his Eighth Amendment rights were violated because he has not received treatment for his medical condition since returning from Augusta State Medical Prison. Plaintiff, however, fails to identify his alleged medical condition. Plaintiff only states that in 2007 he began having problems walking and standing and that these symptoms have worsened. Because Plaintiff has not stated what his medical condition is or what treatment he is seeking, defendant argues that he cannot demonstrate that he has a serious medical need.  In addition, Plaintiff has not made any allegation that failure to further attend to his medical condition poses a substantial risk of serious further harm.

However, in his response to the motion to dismiss (doc. 9), plaintiff states that he was insulted and mocked by Dr. Fry and HSA Jones and that Plaintiff did tell HSA Jones personally of the purported inadequate medical care. (Doc. 9, p. 2). Plaintiff also asserts that HSA Jones placed him in administrative segregation for five months. (Id.) Plaintiff states that these

allegations "show that Al Jones knew what was going on with Taylor … ." (Id.) Plaintiff further

claims that he was diagnosed with "cerebellar atrophy" and was not receiving adequate medical

care.

Defendants now object to any consideration of the new allegations as being outside the

complaint, and as such, should not be considered in the motion to dismiss.

Plaintiff is a *pro se* prisoner.  Consequently, the undersigned is required to liberally

construe pleadings.  Plaintiff's motion (doc. 9) could be construed as a motion to amend his

complaint.

Federal Rule of Civil Procedure 15(a) addresses amendments to pleadings and provides in

pertinent part :

> [a] party may amend the party's pleading once as a matter or course at any time before a
> responsive pleading is served.....Otherwise a party may amend the party's pleading only by
> leave of court or by written consent of the adverse party; and leave shall be freely given
> when justice so requires.

Although amendments are to be freely given if justice so requires, there are circumstances

that justify a denial of a motion to amend.  These are "undue delay, bad faith, dilatory motive on

the part of the movant... undue prejudice to the opposing party by virtue of the amendment, [and]

futility of the amendment."  Foman v. Davis, 371 U.S. 378 (1962); Hargett v. Valley Fed. Sav.

Bank , 60 F.3d 754 (11th Cir. 1995).  None of those circumstances are present here.  The

undersigned finds that plaintiff has sufficiently stated a claim against defendant Jones for

deliberate indifference to a serious medical need, and that justice requires that plaintiff be

allowed to amend his complaint.

*2.  Qualified Immunity*

Defendant Jones asserts he is entitled to qualified immunity.

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1992), held that the complaint must be dismissed whenever a defendant asserts the defense of qualified immunity unless the plaintiff is able to demonstrate that the legal norms allegedly violated by the defendant were violations of clearly established constitutional rights.  In fact, the Eleventh Circuit has provided more guidance in another § 1983 case in stating that qualified immunity can be stripped only when all reasonable government actors in the defendant's place would know that the discretionary conduct in question violated federal law.  Adams v. Poag, 61 F.3d 1537 (11 th Cir. 1996).

The undersigned questions the propriety of determining the issue of qualified immunity in a pre-answer motion to dismiss in a case such as this one.  The undersigned believes that it would be more appropriate to determine the issue once the parties have an opportunity to develop the record.

It is the RECOMMENDATION of the undersigned that defendant's motion to dismiss be **DENIED**; finding, however, that the issue of qualified immunity and vicarious liability may be raised in later filings.  It is further RECOMMENDED that plaintiff's motion for trial be treated as a motion to amend the complaint and that it be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 6th  day of February, 2009.

/S/ Richard L. Hodge
RICHARD L. HODGE

4

UNITED STATES MAGISTRATE JUDGE

msd