# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| ROBERT LEE TAYLOR, | : | |
| Plaintiff, | : : : | |
| VS. | : : | CIVIL ACTION FILE NO. **7 : 08-CV-39 (HL)** |
| AL JONES, Medical Administrator, | : : | |
| Defendant. | : | |

## RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action are opposing motions for summary judgment, one filed by plaintiff (Doc. 18) and one filed by defendant (Doc. 20).

Plaintiff's Complaint alleges that he began having problems walking and standing while incarcerated at Valdosta State Prison in 2007. (Complaint, Doc. 2, p. 3). Defendant Al Jones is the Health Services Administrator at Valdosta State Prison. Plaintiff states that he wrote complaints to various prison officials, including HSA Jones, regarding his condition and was sent to Augusta State Medical Prison where his health condition was apparently diagnosed. Subsequently, Plaintiff claims he was returned to Valdosta State Prison, but that since returning to Valdosta State Prison, the medical staff has refused to provide him with treatment. (Id.) Plaintiff alleges that his constitutional right to medical treatment has been violated and brings this action pursuant to 42 U.S.C. §1983.

***Summary Judgment Standard***

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235 (11th Cir. 1992)(citing *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S.

574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the non-movant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

When the non-moving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

Plaintiff asserts in his motion for summary judgment that he has "cerebellar atrophy" which causes plaintiff reduced use of his lower body. He was given a cane by officials at Valdosta State Prison; however, plaintiff asserts that he frequently falls despite the use of the cane, and that other

inmates take advantage of his physical condition by taking his belongings and threatening him with bodily harm. Plaintiff states that the distance he is required to walk, i.e. to the dining facility and medical facility, exceeds his physical capability. Plaintiff states he should be assigned to a medical unit where he can receive proper care. In his response to defendant's motion for summary judgment, plaintiff adds that he has not received the medical shoes he should have, and was denied medical treatment after a beating by another inmate while plaintiff was sleeping.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25 (1993). Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential to a finding of deliberate indifference. *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting *Horn ex rel. Parks v. Madison Co. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994). In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." *McElligott v. Foley*, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

3

A medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted).   To demonstrate "significant" harm, a plaintiff must provide verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than an underlying condition or injury.  *Hill*, 40 F.3d at 1186;  *Harris*,  21 F.3d at 393-94 (11th Cir.1994).   The medical care provided to an inmate must be reasonable. *Patterson v. Riddle*, 407 F. Supp. 1035 (E.D. Va. 1976). However, "it is not required that the medical care provided to the inmate be perfect, the best obtainable, or even very good." *Estelle*, 429 U.S. at 106. *See also Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991); *Brown v. Beck*, 481 F. Supp. 723, 726 (S.D. Ga. 1980); *Hawley v. Evans*, 716 F. Supp. 601, 603 (N.D. Ga.1989).

   The Eleventh Circuit has noted that, "where a prisoner has received medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Murphy v. Turpin*, 159 Fed. Appx. 945 at fn. 4, (11th Cir. 2005),  citing *Hamm*, 774 F.2d at 1575.
"Thus, where an inmate receives medical care, but desires a different mode of treatment,
the care provided does not amount to deliberate indifference." *Id.*

  In *Estelle v. Gamble*, *supra*, the Supreme Court cautioned, however, that not every allegation of inadequate medical treatment states a constitutional violation.  *Estelle* at 105.  Mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment. *Id.* at 106 (stating "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").  A Section 1983

4

claim, therefore, "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." *Brinton v. Gaffney*, 554 F.Supp. 388, 389 (E.D.Pa.1983).

"The question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Estelle, supra*, at 107.

Plaintiff Taylor arrived at Valdosta State Prison on November 7, 2006. (Affidavit of Al Jones, Exhibit A Doc. 20). On December 5, 2006, plaintiff first complained of leg weakness at Valdosta State Prison. (Medical Records, Exhibit D Doc. 20)  As a result, plaintiff received an x-ray of his spine and a consultation with a neurologist was ordered.  On February 16, 2007, plaintiff was seen by Dr. Edward Mendoza, a neurologist, at Augusta State Medical Prison ("ASMP"). (Aff. Of Dr. Mendoza Exhibit B, Doc. 20). On February 16, 2007, Dr. Mendoza diagnosed inmate Taylor with cerebellar atrophy.  Cerebellar atrophy is a condition where inmate Taylor's cerebellum does not fully regulate his fine motor skills and may result in him losing his balance or being unable to correct any loss of balance. (*Id.*)

Additionally, based on plaintiff's statements about a family history of similar symptoms, Dr. Mendoza more specifically diagnosed inmate Taylor with Familial Cerebellar Syndrome. (*Id.* at ¶ 6). The only treatment for this condition is to treat the patient's symptoms. (*Id.* at ¶ 7-8). Because inmate Taylor complained of leg problems, Dr. Mendoza recommended that he be permitted use of a cane or walker at Valdosta State Prison. (*Id.* at ¶ 9). This is the only treatment that Dr. Mendoza has recommended for inmate Taylor. (*Id.* at ¶12). Upon his return to Valdosta State Prison, inmate

5

Taylor was issued a walking cane. Inmate Taylor has been continuously permitted use of a cane since this date and, more recently, has been provided a walker for assistance. (Jones Aff. Doc. 20).

Despite his condition, inmate Taylor has committed various disciplinary infractions while at Valdosta State Prison, including: Assaulting a Correctional Officer, Destruction/Damage of State Property, Participating in a Disturbance, Obscene Actions and Verbal Death Threats. (Jones Aff. Doc. 30). Since arriving at Valdosta State Prison, inmate Taylor has been placed in the prison's administrative segregation unit a dozen times for disciplinary infractions. (*Id.* . On February 11, 2008, inmate Taylor was placed in administrative segregation because of a disciplinary infraction. (*Id.* ). The next day, inmate Taylor presented to the medical department complaining that he was unable to walk. As a result, inmate Taylor was kept in the infirmary for 23 hour observation. (*Id.*; Fry Aff. Exhibit C. Doc. 20). Inmate Taylor remained in the infirmary until February 29, 2008. (*Id.*). Despite his complaints, while housed in the infirmary, plaintiff was observed walking or standing by more than one member of the medical staff. (Id.). Therefore, it was determined by Nurse Practitioner Fry that inmate Taylor was no longer in need of infirmary care and he was transferred back to administrative segregation to complete his disciplinary period. (*Id.*). Even though he had been seen walking and standing, plaintiff still complained about his ability to walk. (*Id.*). Inmate Taylor remained in administrative segregation to accommodate these complaints. (*Id.*) Specifically, in segregation plaintiff was not required to walk anywhere to receive his food or medicine; these items were brought directly to him. (*Id.*) Inmate Taylor was released from segregation for administrative reasons on June 3, 2008, and transferred back to general population with his walking cane for assistance. (*Id.*). Both Nurse Practitioner Fry and plaintiff's neurologist, Dr. Mendoza, agree that plaintiff is able to function in general population with the assistance of a cane or walker. (Mendoza Aff. Doc. 20). Further, by

6

treating plaintiff's symptoms and providing him with a cane or walker for assistance, the medical staff at Valdosta State Prison, including HSA Jones, fulfilled the treatment for inmate Taylor recommended by Dr. Mendoza. (Id.).

Plaintiff's complaint appears to be that he wishes to be housed in a medical unit at the facility. However, it is opinion of his treating neurologist that plaintiff would be able to function in general population with the assistance of a cane. The medical evidence submitted by defendant shows that defendant and other medical staff at Valdosta State Prison complied with the treatment recommended by plaintiff's neurologist, first giving plaintiff a cane, then giving him a walker to aid his ability to walk. Plaintiff has provided no other evidence to counter the medical evidence submitted by defendant, including the affidavit of Dr. Mendoza himself, who was plaintiff's neurologist. Plaintiff has not shown a material question of fact; it appears from the medical record and affidavits that plaintiff has received all the care that his condition requires at this time, and that at no time was defendant deliberately indifferent to plaintiff's serious medical needs.

Therefore, it is the RECOMMENDATION of the undersigned that the motion for summary judgment filed by plaintiff (Doc. 18) be **DENIED**, but that the motion for summary judgment filed on behalf of the defendant (Doc. 20) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 19th day of January, 2010.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

msd